UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK FAHY                          )
and COLLEEN FAHY,                     )
    Plaintiffs,                       )
                                      )
v.                                    )   C.A. No. 08-10051-MLW
                                      )
OCEAN MANOR BEACH RESORT AND          )
    COUNTRY CLUB,                     )
and THE RESORT HOLIDAY GROUP,         )
    Defendants.                       )


ORDER

WOLF, D.J.                                      September 26, 2011

On April 15, 2010, the court allowed plaintiffs' motions for default judgement and for a hearing to determine damages, and referred the case to the Magistrate Judge. The court has received the attached Magistrate Judge's Report and Recommendation on Assessment of Damages. No objections to the Report and Recommendation have been filed.

The court finds the Magistrate Judge's Report and Recommendation to be thorough, thoughtful, and persuasive.

Accordingly, it is hereby ORDERED that:

1. The attached Report and Recommendation (Docket No. 94) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636(b)(1).

2. For the reasons stated in the Report and Recommendation, default judgement against defendants Ocean Manor Beach Resort and Country Club and The Resort Holiday Group is ENTERED in the amount

1

of $49,686 for plaintiff Patrick Fahy, and $6,250 for plaintiff Colleen Fahy, plus $1,190.68 in costs.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

# United States District Court
# District of Massachusetts

PATRICK FAHY,
COLLEEN FAHY,
    Plaintiff,

v.                                        CIVIL ACTION NO. 2008-10051-MLW

OCEAN MANOR BEACH RESORT
    AND COUNTRY CLUB,
THE RESORT HOLIDAY GROUP,
    Defendants.

## *REPORT AND RECOMMENDATION ON ASSESSMENT OF DAMAGES*

COLLINGS, U.S.M.J.

    The defendants, Ocean Manor Beach Resort and Country Club and the Resort Holiday Group, (collectively, "the defendants") have never appeared in the case and are in default. The case has been referred to the undersigned for the preparation of a Report and Recommendation on assessment of the damages which are to be included in the default judgment. A hearing was held

on January 10, 2011 at which both plaintiffs testified.[1] The Court finds the following facts:

1. Plaintiff, Patrick Fahy ("Mr. Fahy) was on his family vacation from February 20, 2007 to February 27, 2007 with his wife, plaintiff, Colleen Fahy ("Mrs. Fahey") and his two children, Anne Fahy, and Patrick Joseph Fahy. Jr. (Tr. 6, 7, 31)

2. Mr. Fahy's injury occurred two days into his family vacation. (Tr. 9)

3. On February 22, 2007, Mr. Fahy was injured when he slipped and fell on a wet tiled staircase in the lobby of the Ocean Manor Beach Resort and Country Club, in the Dominican Republic ("Ocean Manor"). (Tr. 10-11)

4. As Mr. Fahy descended down center of the wet tiled stairs, he slipped, and fell, with his left side striking the center corner of the top stair. (Tr. 10, 13, 14)

5. The tiled staircase in the lobby of Ocean Manor was covered with water. (Tr. 11, 32)

6. The tiled staircase in the lobby of Ocean Manor was quite broad and angled in different directions at the center. (Exhs. H, I) There was a hand

---

[1] References to the transcript of the hearing (#34) shall be denoted "Tr." and the page reference.

railing at one end but none in the center section. (Tr. 12, Exh. H)

7. Mr. Fahy exercised due diligence and care at all times throughout the incident in question, and was not comparatively negligent.

8. As a result of Mr. Fahy's fall, he suffered three fractured ribs. (Tr. 23, Exh. D).

9. After the fall, there was a visual contusion on the left side of his lower back. (Exhs. J, K).

10. Mr. Fahy's fractured ribs caused him substantial and excruciating pain.

11. As a result of the three broken ribs, Mr. Fahy had difficulty laughing, coughing, and sneezing, all of which caused excruciating pain. (Tr. 19-20)

12. As a result of the broken ribs. Mr. Fahy was treated at Centro Medical Bornigal Hospital in Puerto Plata. Dominican Republic. The bills totaled 5,651.50 in pesos, with a rate of exchange in 2007 of 34.24 pesos to one American dollar. for a total of $165.00. (Tr. 22; Ex. A, B)

13. Mr. Fahy spent the remaining five days of his family vacation in bed, unable to partake in any of the many activities planned for the trip. (Tr. 18)

14. Mr. Fahy's wife and two children were unable to enjoy his company on

the family vacation, as planned. (Tr. 18-19)

15. Mrs. Fahy suffered a loss of her husband. Mr. Fahy's companionship on the family vacation. (Tr. 34)

16. Mr. Fahy and his family were unable to enjoy their planned family vacation from February 22 to February 27, 2007 as a result of the injury. (Tr. 34-35)

17. The family vacation at Ocean Manor Beach Resort in the Dominican Republic cost the Fahys a total of $4,100.00.

18. The Fahys expended $983.00 for their stay at the timeshare of Ocean Manor Beach Resort. (Tr. 6, Exh. C)

19. The Fahys spent between $600.00 and $700.00 for food for the week at Ocean Manor Beach Resort. (Tr. 9)

20. The Fahys expended $2,467.00 for four airplane tickets to the Dominican Republic. (Tr. 6, Exh. C)

21. Mr. Fahy suffered a painful airplane flight home to Massachusetts on February 27, 2007. (Tr. 16)

22. Mr. Fahy reported to his primary care physician, Agostino Iarrobino, M.D., on February 28, 2007, and had x-rays taken at Open MRI of Dedham. (Tr. 22, Exh. D)

23. The bill for Mr. Fahy's visit with Dr. Iarrobino was $116.00. (Exh. E)

24. The bill for the x-rays taken at Open MRI of Dedham was $100.00. (Exh. E)

25. Mr. Fahy incurred $30.00 in out-of-pocket expenses for prescriptions for pain medication.

26. Mr. Fahy was self-employed at the time of the accident as a painter. (Tr. 5)

27. Prior to the accident, Mr. Fahy earned between $1,000.00 and $3,000.00 per week gross. (Tr. 25, 26)

28. As a result of Mr. Fahy's injuries, he was unable to return to work for six weeks. (Tr. 26)

29. As a result of the accident, Mr. Fahy lost six weeks of work, therefore suffering a loss of approximately $12,000.00 gross, based upon a best estimate average of his weekly earnings. (Tr. 26)

30. When Mr. Fahy returned to work after six weeks, he worked notwithstanding substantial pain. (Tr. 27)

31. Mr. Fahy continued to feel substantial pain for an additional four weeks while back to work. (Tr. 27)

32. Mr. Fahy was totally disabled for eight weeks. (Tr. 29)

33. Mr. Fahy was partially disabled for an additional fourteen weeks, through late July, 2007. (Tr. 27)

34. Mrs. Fahy has been married to Patrick Joseph Fahy for twenty-two years. (Tr. 30, 31)

35. As a result of Mr. Fahy's injury, Mrs. Fahy suffered the loss of consortium and companionship of her husband. (Tr. 37)

36. Mrs. Fahy lost the consortium of her husband on the family vacation from February 22 to February 27, 2007, as well as the entire period of Mr. Fahy's total and partial disability. (Tr. 37, 38)

37. Mrs. Fahy was required to care for her husband and complete Mr. Fahy's share of household chores during his period of total and partial disability. (Tr. 35)

38. Mrs. Fahy was unable to have marital relations with her husband for the entire period of Mr. Fahy's total and partial disability. (Tr. 37)

39. Mrs. Fahy was unable to engage in social activities with her husband until he was beginning to feel better in May, 2007, including socializing with friends and family, skiing, and dancing. (Tr. 36)

40. Mrs. Fahy lost the comfort and companionship of her husband throughout his convalescence, for the period of Mr. Fahy's total and partial disability.

(Tr. 37)

41. Patrick Fahy and Colleen Fahy suffered monetary damages, pain and suffering, and loss of consortium as a direct result of the negligence, negligent supervision, and breach of contract of Defendants, Ocean Manor, and The Resort Holiday Group.

42. Ocean Manor and The Resort Holiday Group have defaulted in this matter, and therefore all allegations alleged in the Plaintiffs' Complaint as to Ocean Manor and The Resort Holiday Group have been deemed admitted.

On this factual record, I assess damages as follows:

<u>Mr. Fahey</u>

Lost wages - $12,000

Medical bills - $411

Loss of vacation - $1025[2]

Pain and suffering, loss of enjoyment, mental distress - $40,000.

<u>Mrs. Fahey</u>

---

[2] The Court does not think that Mr. Fahey is entitled to the entire cost of his family's trip. The Court will assess $1,025 as 1/4 of the expense of the vacation for four people. The Court will include in Ms. Fahey's damages a sum to represent her loss of companionship of Mr. Fahey during the vacation.

Loss of consortium/companionship - $10,000.

Accordingly, I RECOMMEND that a default judgment enter against the defendants in favor of Mr. Fahey in the amount of $53,436 and that a default judgment enter against the defendants in favor of Mrs. Fahey in the amount of $10,000 but also that half of the amount received in settlement from defendant Shell Vacation Club, Corp., *see* #39, be deducted from the amount awarded to **each** of the plaintiffs.

I FURTHER RECOMMEND that costs in the amount of $1,190.68 be assessed against the defendants. *See* #38.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to these recommendation, either in whole or in part, must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and*

*Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

March 7, 2011.